IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN L. HALL,

      Petitioner,

v.                                                CIV 18-1096 JCH/KBM

DWAYNE SANTISTEVAN, Warden,[1]
and HECTOR H. BALDERAS,
Attorney General for the State of New Mexico,

      Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition ("PF&RD") (*Doc. 13*), filed June 10, 2020.

Petitioner John L. Hall was convicted in the Fifth Judicial District Court, State of New Mexico, of second degree murder for shooting and killing his former roommate, Antonio Ortiz, Jr. ("Ortiz"). *Doc. 10*, Ex. C. He filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), asserting three grounds for relief: (1) an insufficiency of evidence to support his conviction; (2) erroneous jury instructions; and (3) ineffective assistance of counsel. *Doc. 2* at 5-16. Concluding that Petitioner was not entitled to relief on any of these grounds, the Magistrate Judge issued a PF&RD recommending that the

---

[1] As noted by the Magistrate Judge, Respondents have explained that Petitioner is serving a 16-year term of imprisonment in Lea County Correctional Facility pursuant to the Judgment and Sentence entered June 10, 2014. *Doc. 10*, Ex. A. Thus, he is in the lawful custody of Dwayne Santistevan, the Warden of that facility. *See* Lea Cty. Corr., https://cd.nm.gov/nmcd-prison-facilities/lea-county-correctional-facility (last visited Sept. 29, 2020); *see also Doc. 10* at 2 n.2. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts directs that "the state officer who has custody," here Mr. Santistevan, is a respondent in a § 2254 action.

Petition be denied and dismissed with prejudice. *Doc. 13*. Petitioner filed Objections to the PF&RD on June 29, 2020. *Doc. 14*.

When a party files timely objections to a magistrate judge's recommendation, the district court must conduct a *de novo* review of the portion objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendations. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "A party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner's Objections[2] largely repeat the arguments addressed by the Magistrate Judge in her PF&RD. First, Petitioner argues that he presented "largely unrebutted evidence" that he acted with sufficient provocation, suggesting that the jury must have misunderstood New Mexico law as it related to this element of the offense of second degree murder. *Doc. 14* at 2-4. Petitioner maintains that he shot Ortiz because he interpreted Ortiz's "angry" and "upset" demeanor as "threatening toward him and his father." *Id.* at 4. In short, he submits that Ortiz's behavior amounted to "sufficient provocation" under New Mexico law. *Id.*

---

[2] It appears that Petitioner did not draft his own Objections, as the author of the filing explains: "I can't go into the nitty gritty of what was the specifics, cause I was not there! I am just another nobody inmate (jailhouse) trying to help Mr. Hall appeal his case." *Doc. 14* at 4. Elsewhere, the drafter identifies himself as someone "trying to be helpful to those less fortunate," explaining that he "never claim[ed] to be a jailhouse lawyer" but that he was "trying to keep John Hall's case alive." *Id*. at 7. Nevertheless, the Objections appear to be signed and submitted by Mr. Hall. *See id*. at 9. As such, the Court treats the arguments therein as those of Petitioner.

2

The Magistrate Judge considered Petitioner's position and determined otherwise. Specifically, she determined that a rational juror *could* determine, based upon Petitioner's statement to law enforcement after the shooting, that "an ordinary person of average disposition would have retained the ability to reason and maintain self-control, without resorting to deadly force." *Doc. 13* at 17. As such, she recommended denial of Petitioner's insufficiency of evidence claim. Following *de novo* review, this Court finds the Magistrate Judge's reasoning sound and agrees that a rational juror could determine that Petitioner lacked sufficient provocation when he shot Ortiz. The Court overrules Petitioner's objection as to this ground.

Second, Petitioner reasserts his position that the trial court erred by not instructing the jury on involuntary manslaughter. *Doc. 14* at 2. He argues that because he lacked the intent to kill Ortiz "at the very least [he] should have been found guilty or given an involuntary manslaughter instruction." *Id*. at 4. In support, Petitioner maintains that he was only ten feet away from Ortiz when he fired his gun. *Id*. He submits that, as a Navy veteran with arms training, he would have "aim[ed] and sho[]t toward [Ortiz's] head or heart and empt[ied] every bullet into [Ortiz]" if he had actually intended to kill him. *Id*. Moreover, Petitioner argues that he lacked the motive to kill Ortiz, reasoning that that people kill over "unfaithful wives, lies, greed, pride, and pure stupidity," but they do not intentionally kill friends over money. *Id*. Given that Ortiz was bigger and taller, Petitioner maintains that he was left with no choice but to fire his gun when Ortiz lunged at him "in an angry state." *Id*. For all these reasons, Petitioner suggests that the facts supported giving an involuntary manslaughter instruction.

Addressing this second claim of error by Petitioner in her PF&RD, the Magistrate Judge explained that a "§ 2254 petitioner has a heavy burden in attempting to set aside a state

3

conviction based on an erroneous jury instruction." *Doc. 13* at 23 (citing *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997)). Having considered both Petitioner's arguments and the Court of Appeals' determination on this issue, the Magistrate Judge determined that Petitioner failed to point to any evidence, much less clear and convincing evidence, to suggest that the failure to give an involuntary manslaughter instruction had the effect of rendering his trial so fundamentally unfair as to be constitutionally objectionable. *Id.* at 23-24. In his Objections, Petitioner does not point to any evidence that would suffice to make such a showing. As such, the Court agrees with the Magistrate Judge that no relief is warranted on Petitioner's second ground, and it overrules Petitioner's objection in this regard.

Third, Petitioner asserts, as he did in his Petition, that his trial counsel was ineffective because he failed to retain a firearms expert. *Doc. 14* at 7. According to Petitioner, a firearms expert could have testified as to the differences in stature between himself and Ortiz and explained why the bullet struck Ortiz in the abdomen. *Id*. at 8. Additionally, Petitioner maintains that a firearms expert could have demonstrated that the second shot was not intentionally fired, as a shot from approximately three to five feet away would not have missed Ortiz. *Id*.

The Magistrate Judge addressed these same arguments in her PF&RD. *Doc. 13* at 25-26. She determined that the issues over which Petitioner suggested a firearms expert would have testified were not in dispute. *Id.* at 27. Relatedly, she concluded that the issues of intent identified by Petitioner were matters of common knowledge such that expert testimony would have been unhelpful. *Id*. Determining that the Petitioner could not overcome the strong presumption that trial counsel's conduct was within the wide range of reasonable assistance, the Magistrate Judge

4

recommended denial of Petitioner's ineffective assistance claim. *Id*. Having conducted a *de novo* review, the Court now concludes that the Magistrate Judge properly resolved this issue.

In his Objections, Petitioner also insists that Ms. Baldridge rendered ineffective assistance of counsel when she indicated in her appellate brief that Petitioner shot Ortiz twice, in contrast to evidence that Petitioner submits shows he only shot Ortiz once. *Doc. 14* at 7. Petitioner contends that Ms. Baldridge's statement regarding the number of shots was more than a misstatement or a typographical error; he argues that it was a "flat out lie." *Id*. Although Petitioner addressed Ms. Baldridge's alleged misrepresentation in his Petition, characterizing it as a "clearly erroneous fact[] misstated by appellate counsel," he did so in the context of his insufficiency of evidence claim. *See Docs. 2* at 5 (citing 6A—6F); *10-11*. He alleged that Ms. Baldridge's misrepresentation that Ortiz was shot twice was adopted by the New Mexico Court of Appeals and became the basis for its conclusion that Petitioner had not been sufficiently provoked. *Doc. 2* at 10.

In her PF&RD, the Magistrate Judge acknowledged Ms. Baldridge's statement that Petitioner shot Ortiz twice. *See Doc. 13* at 18. Likewise, she acknowledged the Court of Appeals' finding that Petitioner shot Ortiz twice. *See id.* at 18-19. Finally, she noted that Petitioner himself *repeatedly* indicated in his statement to law enforcement that he shot Ortiz twice. *See id.* at 19. Nevertheless, the Magistrate Judge reasoned that "neither the number of shots Petitioner fired nor the number of bullets that struck Ortiz appear to have been integral to the Court of Appeal's decision to reject Petitioner's insufficiency of evidence claim." *Id.* at 20. The Magistrate Judge went on to conclude that "notwithstanding the number of bullets that struck Ortiz, there remains sufficient evidence from which a rational juror could determine that

5

the State proved each element of second-degree murder beyond a reasonable doubt." *Id.* at 20-21. As explained above, the Court agrees with the Magistrate Judge's resolution of Petitioner's insufficiency of evidence claim. But the Court is also satisfied that Petitioner's related claim – that Ms. Baldridge rendered ineffective assistance – lacks merit. In order to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the reasons that the Magistrate Judge has already outlined, Petitioner cannot demonstrate that but for the alleged misrepresentation by Ms. Baldridge he would have been successful on appeal. As such, this Court finds that any claim that Ms. Baldridge rendered ineffective assistance of counsel should be denied.

 Petitioner also advances, for the first time in his Objections, additional claims of ineffective assistance of counsel by trial counsel. First, he argues that his trial counsel should have secured a change of venue, because the high-profile nature of his case meant that he could not get a fair trial in Lea County. *Doc. 14* at 7. According to Petitioner, if he had received competent, honest trial counsel, his trial would have been moved. *Id*. Second, without elaborating, Petitioner asserts that his trial counsel failed to communicate with him. *Id*. at 8. Third, Petitioner contends that his trial counsel failed to properly argue that his statement to detectives on the date of the incident did not differ substantially from his other statements. *Id*. Finally, Petitioner suggests that attorneys in Lea County are generally "over worked [sic] and haven't the time nor money for one client unless of course that client is paying thousands of dollars." *Id*. at 7. Significantly, however, Petitioner did not make any of these arguments in his § 2254 Petition, and "theories raised for the first time in objections to [a PF&RD] are deemed

6

waived." *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). As a result, the Court will not address these additional allegations of ineffectiveness and will overrule Petitioner's objections on this ground.

Having conducted a *de novo* review of the Petition, the Court finds that Petitioner's Objections lack merit and that the Petitioner is not entitled to relief on any of the grounds asserted in his § 2254 Petition.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Objections to the Proposed Findings of Fact and Recommended Disposition (*Doc. 14*) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings of Fact and Recommended Disposition (*Doc. 13*) is **ADOPTED**;

3. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*Doc. 2*) is **DENIED**;

4. This action is **DISMISSED** with prejudice;

5. For the reasons stated in the Magistrate Judge's PF&RD and the Court's order adopting those findings, Petitioner has failed to make a substantial showing of a denial of a constitutional right. Therefore, a certificate of appealability is **DENIED**;

6. A Final Order pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered dismissing this action with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE